# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TOMMIE LEE MCDOWELL, JR.,

    Plaintiff

v.

HULSEY, et. al.,

    Defendants

Case No.: 3:19-cv-00230-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**
Re: ECF No. 93

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's "Motion in re Proper Proof of Service Pursuant to Frederick Hammel in re First Amended Supplemental Claim IV." (ECF No. 93.) Defendants filed a response. (ECF No. 102). Plaintiff filed a reply. (ECF No. 104.)

Plaintiff filed a complaint (ECF No. 18) and then submitted first amended supplemental claims IV and V (ECF Nos. 30, 59), and allowed claims to proceed, including claims against defendant Frederick Hammel. (*See* ECF Nos. 29, 58.)

The court issued a summons for Hammel on November 24, 2020. (ECF No. 57.) The summons for Frederick Hammel was returned unexecuted, with the U.S. Marshals Service indicating they were unable to locate Mr. Hammel. (ECF No. 72.) Plaintiff filed a motion for entry of default judgment as to Hammel, which the court denied without prejudice because Hammel had not yet been served. (ECF Nos. 76, 78.) Plaintiff then filed a motion for entry of

clerk's default as to Hammel (ECF No. 81), which the court also denied because Hammel had not yet been served (ECF No. 83).

On March 2, 2021, the court issued a notice of intent to dismiss Hammel if a proof of service or good cause for lack of service was not filed by April 1, 2021. (ECF No. 90.)

On March 5, 2021, Plaintiff filed a "motion in re proper proof of service pursuant to Frederick Hammel in re First Amended Supplemental Claim IV." (ECF No. 93.)

Plaintiff states that a notice of acceptance of service was filed as to Claim IV on November 17, 2020, in ECF No. 48. The court allowed Plaintiff to proceed with Claim IV for retaliation against Hammel, and he is suing Hammel in his official and individual capacity. He asserts that his claim for injunctive and prospective relief against Hammel in his official capacity survives "his exit as a former Nevada Department of Corrections prison official." He also cites Federal Rule of Civil Procedure 4(i), which governs service of an officer or employee of the United States. He asserts that the Office of the Attorney General has accepted service for Claim IV, and so there has been proper and timely service on Hammel.

Defendants filed a response to the motion. (ECF No. 102.) First, they contend that Rule 4(i) governs service on officers or employees of the United States, and not officers or employees of a state. In addition, they contend that to the extent Plaintiff seeks to substitute in a public official for Hammel insofar as he is sued in his official capacity, Federal Rule of Civil Procedure 25 does not apply to this scenario. They further argue that acceptance of service on behalf of other defendants does not mean that Plaintiff is not required to serve Hammel.

Rule 4(c)(1) provides that a summons and copy of the complaint must be served on the defendant within the time allowed by Rule 4(m). Defendants are correct that Rule 4(i), cited by

Plaintiff, governs service of officers and employees of the United States of America, and not service on employees or officers of states or state agencies.

Plaintiff does not dispute that he did not serve Hammel. He argues that since the Attorney General's Office accepted service on behalf of William Reubart, also sued in Claim IV, that this somehow constitutes acceptance of service on behalf of Hammel. This is incorrect. The Attorney General's Office accepted service on behalf of Reubart, a current NDOC employee, but explicitly stated that it did not accept service on behalf of Hammel, who is a former NDOC employee. (ECF No. 48.) The Attorney General's Office provided Hammel's last known address under seal, and as was indicated above, the US Marshals Service was unable to locate him for service.

Without mentioning Rule 25, Plaintiff appears to attempt to be substituting in a defendant for Hammel in his official capacity under that rule. Rule 25 governs the substitution of *parties*. Defendants are correct that preliminarily, because Hammel has not yet been served, he is not yet a *party* to this action. Moreover, Rule 25(d), which governs substitution of *public officers* on death or separation from office, does not apply here. The rule provides that "[a]n action does not abate when a *public officer* who is a *party* in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d) (emphasis added). In that case, "[t]he officer's successor is automatically substituted as a party." *Id*.

The Advisory Committee Notes to the 1961 amendment to Rule 25(d) state that the general term 'public officer' is used in preference to the enumeration which appear[ed] in the [prior version of the rule.]" That term "comprises Federal, State, and local officers." Advisory Committee Notes to the 1961 Amendment. "Undoubtedly the term 'public officer' is broad enough to include all of the officers enumerated in the former rule, and covers every officer of the United States, or of the District of Columbia, the Canal Zone, a territory, an insular

3

possession, a state, a county, a city or any other governmental agency." 7C Fed. Prac. & Proc. §1960 (3d ed.)

Nevada Revised Statute 281A.160 defines a "public officer" as a person elected or appointed to a position which: (a) is established by the Constitution of the State of Nevada, a statute of this State or a charter or ordinance of any county, city or other political subdivision; and (b) Involves the exercise of a public power, trust or duty."

Hammel was a caseworker, a former employee of NDOC, and not a "public officer" who was elected or appointed to a position in Nevada for purposes of Rule 25. Therefore, even if Hammel was a party, there is no basis for substituting in another person for him upon his departure from the NDOC.

Therefore, Plaintiff's motion (ECF No. 93) should be denied and Hammel should be dismissed from this action without prejudice under Rule 4(m).

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion (ECF No. 93) and **DISMISSING** Frederick Hammel **WITHOUT PREJUDICE** under Rule 4(m).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

1

2          2. That this Report and Recommendation is not an appealable order and that any notice of

3   appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

4   until entry of judgment by the district court.

5   Dated: April 5, 2021

6                                                    _____
                                                     William G. Cobb
7                                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23