# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TOMMIE LEE MCDOWELL, JR., | Case No.: 3:19-cv-00230-MMD-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| HULSEY, et. al., | Re: ECF Nos. 51, 62, 66, 67, 112, 117 |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court are various motions filed by Plaintiff, including his:

(1) Motion for Judgment on the Pleadings with respect to First Amended Supplemental Claim IV (ECF No. 51), to which Defendants filed a response (ECF No. 64), and Plaintiff filed a reply (ECF No. 65);

(2) Motion for Judgment on the Pleadings with respect to his Second Amended Supplemental Claim V (ECF No. 62);

(3) Motion to grant his motion for judgment on the pleadings with respect to supplemental amended claim V (ECF No. 66);

(4) Motion to grant his motion for judgment on the pleadings with respect to supplemental amended claim IV (ECF No. 67);[1]

---

[1] ECF Nos. 66 and 67 are identical; however, the court will construe ECF No. 66 as pertaining to Plaintiff's motion for judgment on the pleadings as to Count V, and ECF No. 67 as pertaining to Plaintiff's motion for judgment on the pleadings as to Count IV.

(4) Motion to Dismiss Count V Without Prejudice (ECF No. 112); and

(5) Motion for Relief from a Judgment or Order Pursuant to Rule 60 in Claim IV-William Reubart (ECF No. 117).

After a thorough review, it is recommended that: Plaintiff's motion to dismiss Count V without prejudice be granted, and that his pending motion for summary judgment as to Counts IV and V (ECF No. 89) proceed only with respect to Count IV; his motion for judgment on the pleadings as to Count V (ECF No. 62) be denied as moot; his motion to grant his motion for judgment on the pleadings with respect to supplemental amended claim V (ECF No. 66) be denied as moot; his motion for judgment on the pleadings as to Count IV (ECF No. 51) and motion to grant that motion for judgment on the pleadings (ECF No. 67) be denied; and his motion for relief from a judgment or order under Rule 60 (ECF No. 117) be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP).

Plaintiff was allowed to proceed with a retaliation claim in Count I against Hulsey and Ward; a retaliation claim in Count II against Hulsey; a retaliation claim in Count IV against Hammel and Reubart; and a conspiracy claim in Count V against Hammel and Reubart. (*See* ECF Nos. 17 (screening order on original complaint), 18 (complaint), 29 (screening order on first amended supplemental claims IV and V), 30 (first amended supplemental claim IV), 58 (screening order on second amended supplemental claim V), and 59 (second amended supplemental claim V).)

Defendants Hammel and Ward have been dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (ECF Nos. 106, 108.) Therefore, this action is proceeding only against Hulsey and Reubart.

## II. DISCUSSION

**A. ECF Nos. 62, 66, 112 re Count V**

Plaintiff moves to dismiss Count V (his conspiracy claim against Hammel and Reubart) without prejudice, and for his pending motion for summary judgment as to Counts IV and V (ECF No. 89) to proceed only with respect to Count IV. (ECF No. 112.) This motion should be granted.

In light of this recommendation, Plaintiff's motion for judgment on the pleadings with respect to Count V (ECF No. 62) should be denied as moot. Likewise, his motion to grant his motion for judgment on the pleadings as to Count V (ECF No. 66) should be denied as moot.

**B. ECF Nos. 51, 67**

Plaintiff has filed a motion for judgment on the pleadings with respect to Count IV (ECF No. 51), as well as a motion to grant his motion for judgment on the pleadings as to Count IV (ECF No. 67).

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). Judgment on the pleadings is limited to material included in the pleadings, as well as documents attached to the complaint, documents incorporated by reference and matters of judicial notice, unless the court elects to convert the motion to one for summary judgment. *Yakima Valley Mem'l Hosp. v. Dep't of Health*, 654 F.3d 919, 925 n. 6 (9th Cir. 2011). The court must accept as true the facts pled by the non-movant, and will construe the pleadings in the light most favorable to the non-moving party. *U.S. ex. rel.*

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011); *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998).). "A Rule 12(c) motion for judgment on the pleadings is properly granted only when, 'taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" *Herrera v. Zumiez, Inc.,* 953 F.3d 1063, 1068 (9th Cir. 2020) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999)); *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Plaintiff argues that the "extraordinary character of the evidence contained in the pleadings at this stage," including "evidence rich in documentation in support of Plaintiff's contentions" warrants granting judgment on the pleadings as to Claim IV. He contends that Defendants are without any defending evidence going forward relating to questions of law or fact that would justify litigation continuing as to this claim.

Defendants first argue that Plaintiff's motion for judgment on the pleadings was filed before the pleadings closed when Defendants filed their answer on November 23, 2020; therefore, the motion should be denied as premature. Second, to the extent Plaintiff claims to have provided "evidence" in support of his allegations, his motion should be treated as one for summary judgment, and at the time Defendants filed their response, discovery had not yet closed, and so the motion should be deferred.

Plaintiff filed this motion on November 20, 2020. (ECF No. 51.) An answer was filed as to the amended supplemental claim IV on November 23, 2020. (ECF No. 53.)  Plaintiff's motion was premature, but because the answer has since been filed, the court will consider the motion.

Defendants are correct that Plaintiff's complaint and supplemental claims contain *allegations* and not *evidence*. Plaintiff's motion does not comply with Federal Rule of Civil Procedure 56 or Local Rule 56-1; therefore, it is not appropriate to convert his motion to one for

summary judgment. Additionally, he already has a motion for summary judgment pending as to this claim in ECF No. 89. This warrants denial of the motion for judgment on the pleadings.

Moreover, defendant Reubart (the remaining defendant in Count IV) denies all of the allegations of Count IV. (ECF No. 53.) Thus, at this point, it is not clear that Plaintiff is entitled to judgment as a matter of law. Plaintiff's motion (ECF No. 51) should be denied on this additional basis.

As a result, Plaintiff's motion to grant his motion for judgment on the pleadings as to Count IV (ECF No. 67) should also be denied.

**C. ECF No. 117**

Plaintiff has filed a motion for relief of a judgment or order pursuant to Rule 60 with respect to Claim IV against Reubart. (ECF No. 117.) Plaintiff states that Reubart has committed fraud in representing that Plaintiff's Florida detainer was deactivated and then reactivated.

Plaintiff does not indicate from which "judgment or order" he seeks relief. Instead, he appears to be arguing the merits of his retaliation claim against Reubart in Count IV. This is properly done in a motion for summary judgment (if Plaintiff can demonstrate there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law), and Plaintiff currently has a motion for summary judgment pending as to Count IV in ECF No. 89. Therefore, Plaintiff's motion for relief of a judgment or order under Rule 60 should be denied.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's motion to dismiss Count V without prejudice (ECF No. 112), and allowing Plaintiff's pending motion for summary judgment on Counts IV and V (ECF No. 89) to proceed only with respect to Count IV;

(2) **DENY AS MOOT** Plaintiff's motion for judgment on the pleadings with respect to Count V (ECF No. 62);

(3) **DENY AS MOOT** his motion to grant his motion for judgment on the pleadings as to Count V (ECF No. 66);

(4) **DENY** Plaintiff's motion for judgment on the pleadings as to Count IV (ECF No. 51);

(5) **DENY** Plaintiff's motion to grant his motion for judgment on the pleadings as to Count IV (ECF No. 67);

(6) **DENY** Plaintiff's motion for relief from a judgment or order under Rule 60 (ECF No. 117).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 14, 2021

_William G. Cobb_
_____
William G. Cobb
United States Magistrate Judge