UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TOMMIE LEE MCDOWELL, JR., | Case No. 3:19-cv-00230-MMD-WGC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| TIMOTHY HULSEY, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Tommie Lee McDowell, Jr. brings this action under 42 U.S.C. § 1983. Before the Court are two Reports and Recommendations (individually, a "R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF Nos. 121 ("First R&R"), 125 ("Second R&R")) recommending the Court take various actions described in more detail below on most of the motions currently pending in this case. This order does not address three motions. (ECF Nos. 118, 130, 133.) Plaintiff objects to the Second R&R, but not the First R&R. (ECF Nos. 128, 131.) Defendants did not file a response to Plaintiff's objection to the Second R&R. (ECF No. 127 ("Objection").) Because Plaintiff does not object to the First R&R, and the Court does not find Judge Cobb clearly erred in it, and because Plaintiff appears to misapprehend the summary judgment standard in his Objection—and as further explained below—the Court will accept and adopt both R&Rs in full.

**II.   BACKGROUND**

The Court incorporates by reference and adopts the background Judge Cobb provided in the two R&Rs, and does not restate that background here. (ECF Nos. 121 at 2-3, 125 at 2-4.)

///

## III. DISCUSSION

The Court first addresses the First R&R, and then the Second R&R.

### A. First R&R

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection to the First R&R (ECF Nos. 128, 131), the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb first recommends the Court grant Plaintiff's motion to voluntarily dismiss Count V, and thus deny his motions for judgment on the pleadings regarding that count and limit the scope of one of Plaintiff's motions for summary judgment accordingly. (ECF No. 121 at 3.) Judge Cobb next recommends the Court deny Plaintiff's two motions seeking judgment on the pleadings on his Count IV because it is not clear that Plaintiff is entitled to judgment as a matter of law as to that Count at this time. (*Id.* at 3-5.) Judge Cobb finally recommends that Plaintiff's motion for relief from judgment be denied because he is not seeking relief from any judgment, but rather appears to be seeking summary judgment, though he separately filed a motion for summary judgment regarding that same claim in any event. (*Id.* at 5.) The Court agrees with Judge Cobb. Having reviewed the First R&R and the record in this case, the Court will accept and adopt the First R&R in full.

///

**B.      Second R&R**

Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 127.)

Judge Cobb's Second R&R addresses three motions for summary judgment Plaintiff filed as to his retaliation claims, though Judge Cobb recommends one of the three motions be dismissed as moot because the other two summary judgment motions address the same issues. (ECF No. 125 at 1.) Judge Cobb recommends Plaintiff's summary judgment motion regarding Plaintiff's retaliation claims in Count I and II be denied because even Plaintiff seems to acknowledge there are genuine disputes of material fact on these claims. (*Id.* at 6-7.) Judge Cobb also recommends the Court deny this motion because Defendants present other disputes of material fact regarding Count I and II as well. (*Id.* at 7.) As to Count IV, Judge Cobb similarly finds that Defendant Reubart established several disputes of material fact and therefore recommends that the Court deny Plaintiff's summary judgment motion as to that Count. (*Id.* at 8-12.)

In his Objection, Plaintiff essentially argues that Judge Cobb erred because his evidence is stronger or more compelling than Defendants' evidence, and thus he should be granted summary judgment now instead of proceeding towards trial on his retaliation claims. (ECF No. 127 at 2-9.) But this is not the law. Instead, as Judge Cobb stated in the Second R&R (ECF No. 125 at 5), "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Plaintiff's basic argument that his evidence shows he should prevail on his retaliation claims despite Defendants' proffered, contrary evidence supporting their positions is better directed to a jury at trial than a judge at summary judgment. The Court overrules Plaintiff's Objection and will accept and adopt the Second R&R in full.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the two pending Reports and Recommendations of United States Magistrate Judge William G. Cobb (ECF Nos. 121, 125) are accepted and adopted in full.

It is further ordered that Plaintiff's objection (ECF No. 127) is overruled.

It is further ordered that Plaintiff's motion to dismiss Count V without prejudice (ECF No. 112) is granted.

It is further ordered that Plaintiff's motion for judgment on the pleadings with respect to Count V (ECF No. 62) is denied as moot.

It is further ordered that Plaintiff's motion to grant his motion for judgment on the pleadings as to Count V (ECF No. 66) is denied as moot.

It is further ordered that Plaintiff's motion for judgment on the pleadings as to Count IV (ECF No. 51) is denied.

It is further ordered that Plaintiff's motion to grant his motion for judgment on the pleadings as to Count IV (ECF No. 67) is denied.

It is further ordered that Plaintiff's motion for relief from a judgment or order under Rule 60 (ECF No. 117) is denied.

It is further ordered that Plaintiff's motion for summary judgment as to Counts I and II (ECF No. 88) is denied.

It is further ordered that Plaintiff's motion for summary judgment that addressed both Counts IV and V (ECF No. 89) is denied as moot.

///

///

///

1  It is further ordered that Plaintiff's motion for summary judgment as to Count IV (ECF No. 111) is denied.

DATED THIS 9th Day of August 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE