# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TOMMIE LEE MCDOWELL, JR.,

      Plaintiff

v.

HULSEY, et. al.,

      Defendants

Case No.: 3:19-cv-00230-MMD-WGC

**Order**

Re: ECF No. 130

Before the court is Defendants' Motion to Strike Plaintiff's Responses to Defendants' Motion for Summary Judgment. (ECF No. 130.) Specifically, Defendants move to strike ECF Nos. 124 and 126.

## I. BACKGROUND

The claims proceeding in this action include: (1) a retaliation claim against defendant Hulsey in Count I; (2) a retaliation claim against defendant Hulsey in Count II; and (3) a retaliation claim against defendant Reubart in Count IV.

Defendants filed their Motion for Summary Judgment on June 7, 2021. (ECF Nos. 118, 118-1 to 118-11.) On June 8, 2021, they filed an errata containing declarations that authenticate the exhibits supporting their motion. (ECF Nos. 120, 120-1, 120-2.)

On June 18, 2021, Plaintiff filed a response to Defendants' Motion for Summary Judgment that only pertained to Count IV against defendant Reubart. (ECF Nos. 122, 122-1 to 122-3.) On June 22, 2021, Plaintiff filed another response to Defendants' motion for summary judgment that again only pertained to Count IV against defendant Reubart. The title indicated that there had been a correction at page 6, lines 11, 13, and that this document superseded ECF

No. 122. (ECF Nos. 124, 124-1.) It appears that in the corrected, and superseding version of his response, he corrected the date of July 17, 2019, to July 17, 2017, at page 6, lines 11, 13. The response is otherwise the same except that the original response included ECF Nos. 122-1 to 122-3, which are not included with the superseding responses regarding Count IV against Reubart. ECF Nos. 122-1 to 122-3 actually contain Plaintiff's response to Defendants' Motion for Summary Judgment with respect to Counts I and II against Hulsey and supporting exhibits and declarations.

Then, on June 23, 2021, Plaintiff filed ECF Nos. 126, 126-1 to 126-3. This is titled as Plaintiff's response to Defendants' Motion for Summary Judgment regarding Counts I and II against Hulsey, and Plaintiff specifically notes that this supersedes and supplants ECF No. 122-1.

Defendants acknowledge that ECF No. 124 was filed to correct a minor mistake in the original filing. Defendants' move to strike ECF Nos. 124 and 126 because when combined they exceed the page limit for a response to a motion for summary judgment.

In his response to the motion to strike, Plaintiff notes that he submitted ECF No. 124 and 124-1 which corrected a minor mistake in ECF No. 122. The brief in ECF No. 124 is 21 pages in length, including the certificate of service and exhibit list. Then, he re-submitted his response to the motion for summary judgment regarding Counts 1 and 2 in ECF Nos. 126, 126-1 to 126-3. That brief is 22 pages in length, including the certificate of service.

Plaintiff agues that Count IV is a separate supplemental claim, and he himself filed separate motions for summary judgment on his claims, and therefore, he is in compliance with the page limit rule.

1    Plaintiff also asks that ECF Nos. 122, 122-1, 122-2, and 122-3 be stricken, because they

2  are superseded by ECF Nos. 124 and 124-1, and ECF Nos. 126, 126-1 to 126-3. Finally, Plaintiff

3  asks that ECF No. 131 be stricken.

4                                    **II. DISCUSSION**

5    Local Rule 7-3(a) provides that a motion for summary judgment and a response to a

6  motion for summary judgment are limited to 30 pages, excluding exhibits. Parties must not

7  circumvent this rule by filing multiple motions.

8    Local Rule 7-3(c) states that a party who wishes to exceed the page limits must file a

9  motion to do so that is supported by good cause. Such a motion must be filed *before* the brief is

10  due, and must include a declaration stating the reasons for and number of additional pages

11  requested.

12    Preliminarily, to make the docket clearer, the court will strike ECF Nos. 122, 122-1 to

13  122-3, since Plaintiff filed ECF Nos. 126, 126-1 to 126-3 to supersede those documents. Plaintiff

14  does not provide any basis to strike ECF No. 131, and so that document will remain in the

15  docket.

16    With respect to ECF Nos. 124 and 126, Plaintiff's filings clearly circumvent the Local

17  Rule limiting a response to a motion for summary judgment to 30 pages. Plaintiff claims he was

18  entitled to do so because Count IV is a separate supplemental claim, and he himself filed

19  separate motions for summary judgment on his claims.

20    First, the fact that Count IV may have been asserted as a supplemental claim is

21  inconsequential. Defendants filed a single motion for summary judgment addressing all three

22  claims of retaliation proceeding in this case: Counts I, II and IV.[1] Under Local Rule 7-3(a),

23

---

[1] Plaintiff voluntarily dismissed Count V.

3

1  Plaintiff was entitled to file a response to the motion for summary judgment limited to 30 pages.

2  If Plaintiff's response was going to exceed the page limit, it was incumbent upon him to file a

3  motion to exceed the page limits in accordance with Local Rule 7-3(c) *before* the brief was due.

4  Plaintiff did not do so.

5       Second, it is also immaterial that Plaintiff filed his own motions for summary judgment

6  that separately addressed the claims. In so doing, Plaintiff himself was clearly circumventing LR

7  7-3(a). *See* LR 7-3(c).[2]

8       Despite Plaintiff's failure to comply with the rule requiring leave to exceed the page

9  limits, the court will exercise its discretion in this instance only to consider the briefing beyond

10  the page limits since the briefing is filed in response to a motion for summary judgment which is

11  potentially case dispositive, and Defendants reviewed the responses and filed a reply brief

12  addressing Plaintiff's arguments and evidence. Therefore, Defendants' motion to strike is denied.

13       Plaintiff is cautioned that any future filings that exceed the page limits will be stricken by

14  the court unless Plaintiff files motion to exceed the page limits that is supported by good cause

15  *before* the brief is due. Plaintiff is also cautioned against circumventing the rule by filing

16  multiple briefs.

17

18

19

20

21

22  ///

23

---

[2] Plaintiff's motions have been denied.(*See* ECF Nos. 121, 135.)

**CONCLUSION**

The Clerk is directed to **STRIKE** ECF Nos. 122, 122-1 to 122-3, as they are superseded by Plaintiff's filings at ECF Nos. 126, 126-1 to 126-3.

Defendants' motion to strike (ECF No. 130) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 8, 2021

_____
William G. Cobb
United States Magistrate Judge

5