UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOMMIE LEE MCDOWELL, JR., <br><br>       Plaintiff, <br>  v. <br><br>WILLIAM REUBART, *et al.*, <br><br>       Defendants. | Case No. 3:19-cv-00230-MMD-CSD <br><br>ORDER |

## I. SUMMARY

*Pro se* Tommie Lee McDowell, Jr., who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed this case under 42 U.S.C. § 1983 arising out of events that occurred while he was incarcerated at Ely State Prison ("ESP"), generally alleging retaliation for filing grievances. (ECF No. 137 at 2-4.) Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 137 ("R&R")),[1] recommending the Court grant Defendants Timothy Hulsey and William Reubart's motion for summary judgment (ECF No. 118 ("Motion")). McDowell timely filed an objection to the R&R (ECF No. 138 ("Objection")), and Defendants filed a response to McDowell's Objection (ECF No. 146 ("Response")). Also before the Court is McDowell's motion for sanctions relating to Reubart's alleged failure to respond to discovery requests.[2] (ECF No. 133 ("Sanctions Motion").) As further explained below, the Court will deny McDowell's Sanctions Motion and overrule his Objection to Judge Cobb's

---

[1] Judge Cobb retired after issuing the R&R. (ECF No. 147.) United States Magistrate Judge Craig S. Denney now presides over this case. (*Id.*)

[2] Defendants did not file a response to the Sanctions Motion, and McDowell did not file a reply.

R&R, accepting Judge Cobb's R&R in full and accordingly granting Defendants' Motion, because the Court agrees with Judge Cobb's analysis provided in the R&R and finds McDowell's Objection unpersuasive.

**II.    BACKGROUND**

McDowell is currently proceeding on three counts alleging retaliation. (ECF No. 137 at 2-4.) In Count I, McDowell alleges that Hulsey confiscated his property in retaliation for McDowell threatening to file a grievance and asking for an emergency grievance form. (*Id.* at 3.) In Count II, McDowell alleges that Hulsey further retaliated against him by keeping his property for nearly two weeks before giving it back because McDowell wrote grievances. (*Id.*) In Count IV, McDowell alleges that Reubart reactivated a detainer imposed on McDowell by the Florida Department of Corrections ("Florida Detainer") in retaliation for McDowell filing this lawsuit. (*Id.* at 4.)

In their Motion, Defendants argue they are entitled to summary judgment on these three claims because McDowell did not properly exhaust his administrative remedies, his claims fail on their merits, and they are alternatively entitled to qualified immunity. (*Id.* at 4.)

The Court incorporates by reference Judge Cobb's recitation of the legal standard governing review of summary judgment motions from the R&R. (*Id.* at 4-6.) Judge Cobb recommends the Court grant the Motion because the undisputed evidence before the Court shows McDowell's claims fail on the merits. (*Id.* at 15-24.) Judge Cobb rejected Defendants' argument that McDowell failed to properly exhaust his administrative remedies because those remedies were practically unavailable to him (*id.* at 7-15)[3] and did not address Defendants' remaining arguments—including qualified immunity—because Judge Cobb recommends the Court find McDowell's claims fail on their merits at this stage of the litigation (*id.* at 24).

As to the merits of McDowell's claims, Judge Cobb first recommends the Court

---
[3]Defendants did not object to these recommendations. (ECF No. 146.)

grant summary judgment to Hulsey on Count I because there is no evidence that Hulsey actually participated in the confiscation of McDowell's property, and Hulsey's pertinent interactions with McDowell undisputedly occurred before McDowell mentioned filing grievances or allegedly asked for an emergency grievance form in any event. (*Id.* at 15-19.) Judge Cobb next recommends the Court grant summary judgment to Hulsey on Count II because there is no genuine dispute that Hulsey was not involved in returning McDowell's property to him. (*Id.* at 19-20.) Judge Cobb finally recommends the Court grant summary judgment to Reubart on Count IV because the admissible evidence before the Court demonstrates Reubart was not involved in the activation or deactivation of the Florida Detainer, nor was he involved in cancelling McDowell's classification hearing. (*Id.* at 20-24.)

Judge Cobb also addressed McDowell's Sanctions Motion in passing in the R&R but erroneously stated the Court denied the Sanctions Motion in one of its prior orders (ECF No. 135). (ECF No. 137 at 2.) The Court stated in that order that it was not addressing the Sanctions Motion. (ECF No. 135 at 1.) Regardless, Judge Cobb writes regarding the Sanctions Motion:

> It should be noted that Plaintiff did not include a request under Federal Rule of Civil Procedure 56(d), asserting that he cannot present facts essential to justify his opposition with respect to the claim proceeding against Reubart. In fact, in the motion for sanctions Plaintiff represents that he "has undoubtedly mounted sufficient arguments against [the motion for summary judgment]." (ECF No. 133 at 2.)

(ECF No. 137 at 2.) Judge Cobb does not address the Sanctions Motion in the conclusion of the R&R. (*Id.* at 24-25.) However, from the quote above, Judge Cobb implicitly recommends the Court deny the Sanctions Motion. And as noted *supra*, neither Defendants nor McDowell filed a response to, or a reply in support of, the Sanctions Motion, though the time for doing so has elapsed. It is accordingly possible that Judge Cobb and the parties have been operating under the assumption that the Court has already denied the Sanctions Motion. But because it does not appear to the Court that it has already denied the Sanctions Motion—though the Court will deny the Sanctions

Motion—the Court will also address it *infra* in this order.

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because McDowell filed his Objection.[4] (ECF No. 138.)

## IV. DISCUSSION

The Court first addresses McDowell's Sanctions Motion (ECF No. 133), and then addresses the pending R&R and McDowell's Objection to it (ECF Nos. 137, 138).

### A. McDowell's Sanctions Motion

McDowell seeks sanctions because Reubart allegedly did not respond to his discovery requests. (ECF No. 133.) McDowell specifically asks that the Court strike an unspecified portion of Defendants' Motion and Defendants' reply in support of their Motion in its entirety. (*Id.* at 4.) However, as Judge Cobb noted in the R&R, McDowell does not

---

[4]Defendants erroneously state in their Response that the clearly erroneous standard of review applies. (ECF No. 146 at 2-3.) Defendants rely on LR IB 3-1. (ECF No. 146 at 2 ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law.").) But that rule applies to matters that may finally be determined by a magistrate judge in civil cases. *See* LR IB 3-1. Here, the Court is reviewing Judge Cobb's Recommendation that the Court grant Defendants' Motion. (ECF No. 137.) LR IB 1-4(c) provides that motions for summary judgment may not be finally determined by Magistrate Judges. Accordingly, LR IB 3-2—not LR IB 3-1—applies to the Court's review of the R&R. The Court's review of the R&R is accordingly *de novo* as to those portions of the R&R that McDowell objects to. *See* LR IB 3-2(b).

This is hardly the first time the Court has noticed this error from the Nevada Attorney General's office. *See, e.g.. Pearson v. Dzurenda*, Case No. 3:19-cv-00031-MMD-CSD, ECF No. 75 at 3 n.2 (D. Nev. Feb. 14, 2021) (including a nearly identical footnote to the footnote above in a nearly identical situation, but where the error came from a different attorney employed by the Nevada Attorney General's office, suggesting the error is office-wide). The Court respectfully requests that the Nevada Attorney General's office update its forms that its attorneys are presumably using to include the correct legal standard depending on the type of motion the Magistrate Judge is ruling on, and whether there is an objection to a Report and Recommendation. *See also* 28 U.S.C. § 636; LR Part IB (governing Magistrate Judges).

4

1  make his request under Rule 56(d). (ECF No. 137 at 2.) And McDowell's failure to do so
2  is not a mere procedural violation. Rule 56(d) exists for the situation where a nonmovant
3  like McDowell "cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P.
4  56(d). Said otherwise, to avoid entry of summary judgment against him—which appears
5  to be the purpose of McDowell's Sanctions Motion—McDowell must be able to explain
6  what information he is missing and why that information would help him oppose the
7  Motion. McDowell has not done that in his Sanctions Motion. Indeed, he states that "has
8  undoubtedly mounted sufficient arguments against [the motion for summary judgment]."
9  (ECF No. 133 at 2-3.) McDowell accordingly concedes that any information he may not
10 have obtained from Reubart in discovery is immaterial to the Court's consideration of the
11 Motion. The Court will therefore deny McDowell's Sanctions Motion and move on to
12 consider the Motion through the R&R and McDowell's Objection to it.

13          **B.     The R&R and McDowell's Objection**

14          To start, the Court agrees with and adopts Judge Cobb's analysis provided in the
15 R&R. (ECF No. 137.) McDowell raises several arguments in his Objection. (ECF No. 138.)
16 Though the Court finds none of them persuasive, the Court briefly McDowell's primary
17 arguments here.

18          McDowell first argues that the Court should reject Judge Cobb's recommendation
19 to grant summary judgment to Hulsey on McDowell's Count I because McDowell maintains
20 that his property was taken on November 14 as part of his cellmate being moved, as
21 opposed to on November 16 because his cellmate received drugs in the mail, and because
22 Hulsey cannot be trusted because he said he was not working on November 14 when
23 McDowell says he was. (*Id.* at 4-9.) However, these disputes are immaterial to Judge
24 Cobb's recommendation. Indeed, Judge Cobb noted in the R&R that it does not matter
25 what day McDowell's property was allegedly taken because Hulsey presented evidence
26 that he was not involved with the confiscation of McDowell's property, and McDowell did
27 not present any admissible evidence tending to show to the contrary. (ECF No. 137 at 18-
28 19.) The Court agrees with Judge Cobb. And in this portion of McDowell's Objection, he

does not point to any new evidence, instead reiterating that he has consistently alleged Hulsey was involved in confiscating his property. (ECF No. 138 at 4-9.) Pointing to mere allegations and arguments is insufficient to avoid summary judgment on Count I on the record before the Court.

McDowell next argues that the Court should reject Judge Cobb's recommendation to grant summary judgment on McDowell's Count II because he had discussions with Hulsey during the time his property had been taken from him. (*Id.* at 9-11.) However, this argument is basically equivalent to McDowell's statement in his declaration that he had discussions with Hulsey about returning his property while the property was not in McDowell's possession that Judge Cobb discussed in the R&R. (ECF No. 137 at 19-20.) And as Judge Cobb stated in the R&R, "[n]or does Plaintiff explain what the conversations with Hulsey entailed to demonstrate that Hulsey engaged in adverse action because of Plaintiff's protected conduct." (*Id.* at 20.) The Court rejects McDowell's argument in his Objection regarding Count II for the same reasons Judge Cobb rejected the same argument in the R&R. (*Id.* at 19-20.)

McDowell then argues the Court should reject Judge Cobb's recommendation as to McDowell's Count IV but effectively concedes Judge Cobb's recommendation is correct in stating that the Florida Detainer was never truly deactivated. (ECF No. 138 at 13.) As Judge Cobb explained in the R&R, because the Florida Detainer was never deactivated— it merely appeared so because of an unfortunate error on NDOC's part based on a letter that McDowell appears to have obtained from a corrections official in Florida—Reubart could not have retaliated against McDowell (even setting aside the undisputed evidence that Reubart was not involved in decisions about detainers). (ECF No. 137 at 20-24.) This situation is unfortunate in the sense that McDowell thought for some time that he was no longer subject to the Florida Detainer and that turned out not to be true. But the unfortunate element of this situation does not affect the Court's view that Judge Cobb makes the correct recommendation on Count IV based on the undisputed evidence before the Court. And to the extent McDowell attempts to again argue in his Objection that the Florida

Detainer should be removed from his NDOC file, the Court cannot grant him that relief in this case even if the Court agreed the Florida Detainer should be removed—and the Court does not. (ECF No. 138 at 14-19.) The undisputed evidence before the Court shows that the Florida Detainer was never deactivated or reactivated—McDowell merely and unfortunately received a partially incorrect letter that led him to believe it was. (ECF No. 118-4.)

The Court thus overrules McDowell's Objection. The Court will therefore accept and adopt Judge Cobb's R&R in full.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of te issues before the Court.

It is therefore ordered that McDowell's objection (ECF No. 138) to the Report and Recommendation of United States Magistrate Judge William G. Cobb is overruled.

It is further ordered that McDowell's motion for sanctions (ECF No. 133) is denied.

It is further ordered that the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 137) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 118) is granted.

The Clerk of Court is directed to enter judgment accordingly—in Defendants' favor—and close this case.

DATED THIS 17th Day of February 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE